# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-355V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| DAVID KRUBE, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: February 28, 2025 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mary E. Holmes*, U.S. Dep't of Justice, Washington, DC, for Petitioner.

## DECISION DISMISSING PETITION[1]

On March 13, 2023, David Krube filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered polymyalgia rheumatica ("PMR") as a result of his receipt of an influenza vaccine on November 4, 2020. Petition (ECF No. 1) at 1. On September 4, 2024, Respondent filed his Rule 4(c) Report recommending that compensation was not appropriate in this matter. *See* Report, dated Sept. 4, 2024 (ECF No. 32).

I subsequently held a status conference, and at that time informed the Petitioner that claims alleging PMR as a vaccine injury had uniformly failed. *See* Scheduling Order, dated Sept. 16, 2024 (ECF No. 33). Nevertheless, I set a deadline for Petitioner to submit a brief addressing the issue

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

of *Althen* Prong One, thereby permitting him to substantiate what new scientific or medical evidence would support the claim.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Feb. 24, 2025 (ECF No. 36). Petitioner maintains that he has chosen not to proceed forward with his claim. Mot. at 2. Petitioner has been advised that a decision dismissing the petition will result in a judgment against him, and that such a judgment will end all his rights in the Vaccine Program with regard to this specific claim arising from his November 4, 2020 flu vaccine. *Id.*

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has affirmatively represented that he prefers to no longer proceed with his claim, has not offered evidence sufficient to support the claim, and alleges a form of claim that the Program has otherwise not deemed meritorious.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

        **IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.